While I agree with the majority's determination that appellant's single assignment of error be overruled, I do so for different reasons and therefore concur separately.
The trial court found that appellant shipping the display which ultimately caused an injury constituted an act within the language of the Seller's Agreement, rendering appellant liable for Harry S. Kreuter's injury. The majority likewise found that the claim was arguably or potentially "within the contract language because shipping the display which caused Kreuter's injury constitutes an act which appellant will `actively defend.'"
I disagree with the majority's interpretation of the Seller's Agreement. The Seller's Agreement provides that appellant will indemnify, save harmless, and actively defend The Anderson's against liability arising out of injury to any person "caused by any act or omission, negligent or otherwise, of [appellant] or the servants, agents or subcontractors of [appellant], in the demonstration, sale or furnishing of any articles or materials."
Contrary to the majority opinion, I interpret the Seller's Agreement to include a causation element, in that some act in connection with the sale or furnishing of the display window must have caused Kreuter's injury. The Anderson's cannot prevail, in my opinion, simply by demonstrating that appellant sold or furnished the display window.
Kreuter alleged he was injured when the display moved because no locking mechanism was placed on the wheels to prevent movement. The Anderson's undisputed evidence by way of affidavit states that the display appellant shipped was designed and manufactured without any type of locking mechanism to prevent its moving. The Seller's Agreement does not require that appellant's act in furnishing the display rise to the level of negligence. Here, appellant supplied the display without any locking device for the castors, an act which caused injury to Kreuter. The evidence is sufficient to render appellant liable under the Seller's Agreement. Accordingly, I concur in overruling appellant's single assignment of error.